NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

CHH

NO. 2023 KJ 0015

STATE OF LOUISIANA IN THE INTEREST OF A.S.

WLC

Judgment Rendered: __JUN 2 1 2023__

\* \* \* \* \*

On Appeal from the
23rd Judicial District Court
In and for the Parish of Ascension
State of Louisiana
Trial Court No. 22427

Honorable Jason Verdigets, Judge Presiding

\* \* \* \* \*

Ricky Babin
District Attorney
Donaldsonville, LA
-and-
Donald D. Candell
Lindsey D. Manda
Kristin G. Tregre
Assistant District Attorneys
Gonzales, LA

Attorneys for Plaintiff-Appellee,
State of Louisiana


Katherine M. Franks
Madisonville, LA

Attorney for Defendant-Appellant,
A.S.

\* \* \* \* \*

BEFORE: THERIOT, CHUTZ, AND HESTER, JJ.

Theriot, J. Dissents in part with reasons

**HESTER, J.**

A.S.,[1] a thirteen-year-old juvenile, was alleged delinquent by petition based on three counts of theft of a motor vehicle (counts I – III), a violation of La. R.S. 14:67.26(A)(1); one count of simple burglary (count IV), a violation of La. R.S. 14:62; one count of illegal possession of stolen things (count V), a violation of La. R.S. 14:69; one count of resisting an officer (count VI), a violation of La. R.S. 14:108; one count of hit-and-run driving (count VII), a violation of La. R.S. 14:100; one count of no driver's license (count VIII), a violation of La. R.S. 32:52; and one count of following too closely (count IX), a violation of La. R.S. 32:81(A). He denied the allegations.

At the conclusion of an adjudication hearing, the juvenile court took the matter under advisement. See La. Ch. Code art. 884(A) The juvenile was ultimately adjudicated delinquent on the basis of counts I, IV, V, and VI and was not adjudicated delinquent on counts II, III, VII, VIII, and IX. Following a disposition hearing, the juvenile was placed in the custody of the Office of Juvenile Justice (OJJ) in non-secure detention for nine months each on counts I, IV, and V, and six months on count VI, dispositions to run consecutively. The juvenile now appeals, assigning the following errors:

(1) The petition was fatally flawed in failing to allege the value of the motor vehicle allegedly stolen and illegally possessed;

(2) The adjudications for both theft and illegal possession of stolen things violated statutory and constitutional law; and

(3) The juvenile court failed to specifically justify the consecutive dispositions for offenses arising from a single criminal episode or to set forth any reasons for the maximum dispositions, and the consecutive dispositions totaling thirty-three months are excessive.

For the following reasons, we reverse the adjudications of delinquency and vacate

---

[1] Pursuant to Rules 5-1(A) and 5-2 of the Uniform Rules, Courts of Appeal, we reference the minor by his initials.

the dispositions on counts I and V and order the juvenile released on those charges. We affirm the adjudications of delinquency on counts IV and VI but vacate and remand with instructions the dispositions on counts IV and VI.

## FACTS

On the morning of April 11, 2022, Michael W. Tortorich went to work at his wrecker business in Donaldsonville, Louisiana, and noticed the gate was open, which he locked when he left the business the previous night. Upon entering the premises, Tortorich noticed a gray 2015 Chevrolet Silverado 3500 pickup truck and a silver Jeep were missing.[2] Tortorich also discovered the office had been ransacked, and vehicle keys were missing. He alerted the police to the crimes.

Thereafter, the Ascension Parish Sheriff's Office ("APSO") received a report of an accident on Vatican Drive involving a blue Kia and a dark colored Chevrolet pickup truck. APSO Deputy Timothy Krennerich saw the missing Chevrolet pickup truck on Vatican Drive and attempted to initiate a traffic stop. The vehicle fled from Deputy Krennerich and disregarded stop signs before parking at a church. Four juveniles, including A.S., fled from the vehicle.

APSO Deputy Hunter Medine was in the area and apprehended A.S. following a foot pursuit. In the presence of his guardian and following administration of his rights under **Miranda**,[3] A.S. admitted to Deputy Medine that he and other juveniles burglarized the building at the wrecker business, stole three keys and three vehicles, and that he personally stole the Chevrolet pickup truck.

## FAILURE TO ALLEGE VALUE IN PETITION

In assignment of error number one, the juvenile contends the adjudications and dispositions on counts I and V must be set aside because the petition failed to

---

[2] Tortorich later discovered a third vehicle, a blue Kia, was missing.

[3] **Miranda v. Arizona**, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

3

allege a value for these offenses, and value is essential to determine the grade of the offenses and the penalties. The State agrees this assignment of error has merit.

The penalties for theft of a motor vehicle and for illegal possession of stolen things differ depending upon whether the value of the motor vehicle and the value of the stolen thing is "one thousand dollars or more" or "less than one thousand dollars." La. R.S. 14:27.26 & 14:69(B). Thus, the value of the motor vehicle and the value of the stolen thing is essential to determine the grade of the offenses; and failure to allege the value in the petition is error. See La. Ch. Code art. 104, La. Code Crim. P. art. 470 & comment; **State v. Guidry**, 93-1091 (La. App. 1st Cir. 4/8/94), 635 So.2d 731, 736, writ denied, 94-0960 (La. 7/1/94), 639 So.2d 1163; see also La. Code Crim. P. arts. 464 & 465(A)(44).

Accordingly, the adjudications on counts I and V are reversed and the dispositions on those counts are vacated.[4]

## CONSECUTIVE AND EXCESSIVE DISPOSITIONS

In assignment of error number three, the juvenile contends the juvenile court erred in failing to specifically justify the consecutive dispositions for offenses arising from a single criminal episode or to set forth any reasons for the maximum dispositions. The juvenile argues the dispositions totaling thirty-three months are excessive. The State responds that based on the juvenile court's ruling to include the predisposition investigation report (PDI), the consecutive sentences for burglary and resisting arrest must be affirmed. We address this assignment of error in regard to the dispositions remaining in this matter, i.e., the dispositions on counts IV and VI.

---

[4] In light of our resolution of assignment of error number one, we pretermit consideration of the juvenile's second assignment of error.

After adjudicating a child to be delinquent, a court should impose the "least restrictive disposition" authorized by Louisiana Children's Code articles 897 through 900, which the court finds is consistent with the circumstances of the case, the needs of the child, and the best interest of society. La. Ch. Code art. 901(B). "[I]n considering dispositional options, the court shall not remove a child from the custody of his parents unless his welfare or the safety and protection of the public cannot, in the opinion of the court, be adequately safeguarded without such removal." La. Ch. Code art. 901(A). Commitment of the child to the custody of the Department of Public Safety and Corrections may be appropriate if: (1) there is an undue risk that during the period of a suspended commitment or probation the child will commit another crime; (2) the child is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment; (3) a lesser disposition will deprecate the seriousness of the child's delinquent act; or (4) the delinquent act involved the illegal carrying, use, or possession of a firearm. La. Ch. Code art. 901(C). A juvenile court is given wide discretion in imposing a disposition within statutory limits, and its disposition should not be set aside in the absence of a manifest abuse of discretion. **State in Interest of D.T.**, 2019-1284 (La. App. 1st Cir. 2/21/20), 2020 WL 862311, *4.

A juvenile in a delinquency proceeding has the same constitutional rights guaranteed to criminal defendants, except the right to a jury trial. La. Ch. Code art. 808. Article I, Section 20, of the Louisiana Constitution prohibits the imposition of excessive punishment. Even a disposition within statutory limits may violate a juvenile's constitutional right against excessive punishment and is subject to appellate review. Generally, a disposition will be considered excessive if it is grossly disproportionate to the severity of the crime forming the basis for the adjudication or is nothing more than the needless imposition of pain and suffering. A disposition is grossly disproportionate if, when the crime and punishment are considered in light

5

of the harm to society, it is so disproportionate as to shock one's sense of justice. **State in Interest of D.T.**, 2020 WL 862311 at *4.

In general, concurrent terms are required only when the offenses derive from the same act or transaction or are part of a common scheme or plan and, even then, only if the sentencing judge does not order the sentences to be served consecutively. **State in Interest of D.T.**, 2020 WL 862311 at *5. In imposing a disposition, the juvenile court is required to indicate in the record consideration of the statutory disposition guidelines set forth in La. Ch. Code art. 901. La. Ch. Code art. 903(A); See **State in Interest of D.M.**, 2017-1418 (La. App. 1st Cir. 2/21/18), 2018 WL 1007352, *5.

At the disposition hearing, counsel for the juvenile stated the PDI was very positive for the juvenile. Counsel noted the juvenile's teacher at the facility where the juvenile was housed reported that the juvenile was doing his homework and was not causing her any problems. Counsel indicated the juvenile's prior problems on probation concerning failing to report to various facilities for monitoring, counseling, and substance abuse were not his fault because his parents failed to facilitate his attendance. Additionally, counsel noted the juvenile had attention deficit hyperactivity disorder (ADHD) and had been without his medication for two years. Counsel asked the court to order OJJ to evaluate the juvenile for ADHD and give him the medications he needed.

The State cited the report from OJJ and the fact that the juvenile was adjudged delinquent on the basis of counts I, IV, V, and VI, to argue that the juvenile should be in secure care, or alternatively in non-secure care. The State further argued a secure care disposition for a minimum of eighteen months was necessary for the juvenile because he was on probation when he committed the instant offenses and posed a threat to the community.

6

The PDI indicated the juvenile and his family had been non-compliant with the monitoring, mentoring, and counseling conditions of the juvenile's probation on earlier offenses. Additionally, the PDI indicated the juvenile was diagnosed with ADHD when he was younger, but had been unmedicated for approximately two years. The PDI also indicated that a structured assessment of violence risk in youth (SAVRY) assessment was conducted on the juvenile, and his level of risk was high for future reoffending and violence. The PDI noted the juvenile had an extensive prior criminal history and found his "lack of insight into his behaviors and refusal to cooperate with treatment put him at greater risk." Lastly, the PDI noted the juvenile's "lack of self-control, disregard for authority and structure, and apparent preference for negative peers and risky impulsive behaviors show that he presents an overwhelming risk to the safety of himself and those around him." The PDI concluded with the recommendation of OJJ that the juvenile be placed in its custody for nine months on each felony grade offense and for six months on each misdemeanor grade offense to run either consecutively or concurrently.

The juvenile court set forth the following basis for the dispositions:

> The [c]ourt is going to follow the recommendations of OJJ. The [c]ourt is going to place [the juvenile] in the non-secure detention. The [c]ourt is going to run everything consecutive. The [c]ourt will also order to have an evaluation and any treatment recommended regarding the ADHD.

The record does not reflect that the juvenile court indicated its consideration of the statutory disposition guidelines set forth in La. Ch. Code art. 901. See La. Ch. Code art. 903(A); **State in Interest of D.M.**, 2018 WL 1007352 at *5. Specifically, even though the offenses in this matter derived from the same act or transaction and were part of a common scheme or plan, the court failed to set forth which statutory disposition guidelines supported imposition of consecutive dispositions. While the juvenile court stated it was following the recommendations of OJJ, that office made no recommendation concerning whether or not the dispositions should be imposed

7

to run concurrently or consecutively. Additionally, the transcript of the disposition indicates that the juvenile court may have considered the number of felonies in this case as a factor in imposing consecutive dispositions, two of which felonies have been vacated herein.[5]

Accordingly, the dispositions on counts IV and VI hereby are also vacated. Upon remand, the juvenile court shall conduct a new disposition hearing in compliance with La. Ch. Code arts. 892 and 893. Prior to the imposition of new dispositions on counts IV and VI, the juvenile court shall consider La. Code Crim. P. art. 883 and La. Ch. Code art. 901 and shall comply with La. Ch. Code art. 903(A) by stating for the record the considerations taken into account and the factual basis therefor in imposing the particular dispositions. Additionally, the juvenile court shall give A.S. credit for time served in secure detention, if any, prior to the imposition of new dispositions. See La. Ch. Code art. 898(A); **State in Interest of R.L.K., Jr.**, 95-1277 (La. App. 1st Cir. 12/19/95), 666 So.2d 427, 432, writ denied, 95-3120 (La. 1/26/96), 666 So.2d 1084.

The record also does not reflect that the juvenile court informed the juvenile of the two-year prescriptive period for filing postconviction relief as required by La. Code Crim. P. art. 930.8(C). Although the Children's Code contains no similar provision to La. Code Crim. P. art 930.8(C), we have held that this notice should be given to juveniles. See **State in Interest of M.W.**, 2022-0937 (La. App. 1st Cir. 12/22/22), 357 So.3d 832, 833. Therefore, we also order that, at the new disposition hearing, the juvenile court inform the juvenile of the two-year prescriptive period for filing postconviction relief as required by La. Code Crim. P. art. 930.8(C).

---

[5] When defense counsel asked the juvenile court to set forth the specific months it had imposed for each count, the court replied it did not have that information in front of it and asked for how many felonies was the juvenile adjudicated delinquent. The State answered, "three felonies and one misdemeanor."

Furthermore, the judgment of disposition and minute entry should reflect this notice

regarding postconviction relief.

**ADJUDICATIONS OF DELINQUENCY REVERSED AND DISPOSITIONS VACATED ON COUNTS I AND V AND JUVENILE ORDERED RELEASED ON THESE CHARGES; ADJUDICATIONS OF DELINQUENCY ON COUNTS IV AND VI AFFIRMED; DISPOSITIONS ON COUNTS IV AND VI VACATED; REMANDED WITH INSTRUCTIONS.**

NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2023 KJ 0015

STATE OF LOUISIANA IN THE INTEREST OF A.S.

**THERIOT, J., dissenting in part and assigning reasons.**

I respectfully dissent insofar as the majority reverses the adjudications of counts I and V. A.S. was adjudicated delinquent for several offenses, including theft of a motor vehicle (count I) and illegal possession of stolen things (count V). The majority found that counts I and V must be set aside because the initial petition in this matter failed to allege a value for these offenses, said value being essential to determining the grade of the offenses and the penalties. I disagree with the majority's findings and would affirm the trial court's adjudications on those counts for the reasons below.

Count I consists of one count of theft of a motor vehicle in violation of La. R.S. 14:67.26(A)(1). The penalty for the violation of this statute differs depending upon the value of the motor vehicle. When the misappropriation or taking amounts to a value of less than $1,000.00, the offender shall be imprisoned for not more than six months, or fined not more than $1,000.00, or both. La. R.S. 14:67.26(C)(4).

Count V consists of one count of illegal possession of stolen things in violation of La. R.S. 14:69. When the value of the stolen things is less than $1,000.00, the offender shall be imprisoned for not more than six months or may be fined not more than $1,000.00, or both. La. R.S. 14:69(B)(4).

The motor vehicle stolen by A.S. was a gray 2015 Chevrolet Silverado 3500. The Chevrolet is also the stolen thing for which A.S. was charged with possession

1

of stolen things. The value of the Chevrolet is most likely greater than $1,000.00, but the State failed to include a value for same in its petition. Despite this error, the Chevrolet can certainly be valued at "less than one thousand dollars." As stated above, both of the applicable statutes include penalty options when the vehicle/stolen thing has a value of less than one thousand dollars. Accordingly, insofar as A.S. was adjudicated to be a delinquent for theft of a motor vehicle (count I) and possession of stolen things (count V), those adjudications should be affirmed.

As it relates to the dispositions of counts I and V, the Chevrolet's value of "less than one thousand dollars" is relevant for penalty purposes. Therefore, I would vacate the dispositions on counts I and V and remand those counts with instructions to sentence A.S. pursuant to La. R.S. 14:67.26(C)(4) and La. R.S. 14:69(B)(4), respectively.

2